**LEISNOI, INC., Plaintiff–Appellant,**

v.

**UNITED STATES of America,
Defendant–Appellee.**

No. 00–35746.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted March 23, 2001

Filed Sept. 24, 2001

John R. Fitzgerald, McAlpine & Cozad, New Orleans, Louisiana, for the plaintiff-appellant.

Sean H. Donahue, Department of Justice, Washington, D.C., for the defendant-appellee.

Before: CANBY and GRABER, Circuit Judges, and MARSHALL,* District Judge.

Opinion by Judge CANBY; Concurrence by Judge GRABER.

CANBY, Circuit Judge:

Plaintiff, Leisnoi, Inc., brings an action under the Quiet Title Act, 28 U.S.C. § 2409a, to quiet title against the United States in property conveyed to Leisnoi as a Native village corporation pursuant to the Alaska Native Claims Settlement Act, 43 U.S.C. § 1601 *et seq.* The issue is whether the Quiet Title Act conferred jurisdiction upon the district court to remove a cloud on Leisnoi's title. Notwithstanding our previous decision in *Leisnoi, Inc. v. United States,* 170 F.3d 1188 (9th Cir.1999) (*"Leisnoi I "*), which strongly suggested that the district court would have jurisdiction under the circumstances of the present case, the district court determined that it was without jurisdiction. We conclude that the district court erred in this determination, and we accordingly reverse.

*Background*

This is the second appeal taken by Leisnoi, Inc., in a dispute over title to certain

---

* The Honorable Consuelo Bland Marshall, United States District Judge for the Central District of California, sitting by designation.

lands in Alaska. Details about this complicated dispute are set out more fully in our decision in the first appeal, *Leisnoi I*, 170 F.3d at 1189–91, but the basic facts are as follows.

Leisnoi, Inc., is an Alaska Native village corporation that received land by patent from the United States pursuant to the Alaska Native Claims Settlement Act ("ANCSA") in 1985. Leisnoi wishes to sell some of this land to Exxon Valdez Oil Spill Trustees ("Trustees"), but has been unable to do so because the Trustees are concerned that title to this land could revert to the United States. The Trustees' concern flows from the fact that an individual by the name of Omar Stratman recorded on behalf of the United States a notice of *lis pendens* covering Leisnoi's land. The *lis pendens* was filed on the strength of a "decertification" action filed in federal court by Stratman and other individuals, claiming that Leisnoi did not qualify as a Native village under ANCSA, and that Leisnoi consequently must return to the federal government the land that it received pursuant to ANCSA. This decertification action was referred by the federal court to the Interior Board of Land Appeals, where it is still pending.

Meanwhile, in an effort to quiet title to the land, Leisnoi brought suit against Stratman in Alaska Superior Court in 1996. The Superior Court agreed with Leisnoi that Stratman, as a third party, had no interest in the title to Leisnoi's land. The court entered judgment quieting title in Leisnoi and removing any clouds that Stratman had placed on the title. Nonetheless, the Trustees maintained that quieting the title against Stratman did not guarantee that the United States would not reacquire Leisnoi's land, because Leisnoi's land could revert to the United States if Leisnoi were to be "decertified" in the pending federal administrative proceedings.

Accordingly, Leisnoi brought an action in federal court against the United States under the Quiet Title Act, which waives the sovereign immunity of the United States for actions involving "a disputed title to real property in which the United States claims an interest." 28 U.S.C. § 2409a(a). Leisnoi's action sought an order quieting its title to the surface estate of its lands against the United States, and a declaration that Leisnoi owned the surface estate in fee simple absolute, subject to certain undisputed easements reserved by the United States.

The district court dismissed the action, concluding that it lacked initial subject matter jurisdiction to entertain the action under the Quiet Title Act, 28 U.S.C. § 2409a. As a result, the district court was unable to confirm the "Disclaimer of Interest" that the government had filed with its answer, in which the United States disavowed any interest in the disputed title to Leisnoi's land. If the district court had initially accepted jurisdiction and then confirmed the disclaimer, it would have been required to dismiss the action for lack of jurisdiction. *See* § 2409a(e).[1] In Leisnoi's view, such a confirmation and dismissal would have fulfilled the purpose of Leisnoi's suit by unequivocally removing the cloud on Leisnoi's title.

---

1. Section 2409a(e) provides:

   If the United States disclaims all interest in the real property or interest therein adverse to the plaintiff at any time prior to the actual commencement of the trial, which disclaimer is confirmed by order of the court, the jurisdiction of the district court shall cease unless it has jurisdiction of the civil action or suit on ground other than and independent of the authority conferred by section 1346(f) of this title.

Because the district court held that it had no initial jurisdiction, it never ruled on the government's disclaimer. Leisnoi appealed. On the basis of some rather specific reasoning, we affirmed the ruling of the district court that it had no jurisdiction to entertain Leisnoi's action in the first place. *See Leisnoi I*, 170 F.3d at 1194. We construed the relevant language of the Quiet Title Act:

> The United States may be named as a party defendant in a civil action under this section to adjudicate a *disputed title* to real property in which the *United States claims an interest,* other than a security interest or water rights.

28 U.S.C. § 2409a(a) (emphasis added). We held that under this provision two conditions must exist before a district court can exercise jurisdiction over an action under the Quiet Title Act: 1) the United States must claim an interest in the property at issue; and 2) there must be a disputed title to real property. *Leisnoi I*, 170 F.3d at 1191.

We concluded that the first requirement had been satisfied because the United States claimed an interest in the land-*i.e.,* some reserved easements. *Id.* at 1191–92. The lack of any dispute over the government's entitlement to these easements did not defeat initial jurisdiction, because the applicable clause of the Quiet Title Act does not require that the interest "claim[ed]" by the United States be in dispute. *Id.* at 1192.

We held, however, that the second requirement for initial jurisdiction-that title

between Leisnoi and the United States be "disputed"-had not been met at the time the complaint was filed. We reasoned that, although a ·third party's assertion that the United States has an adverse claim of title can create the requisite "disputed title" to trigger jurisdiction under the Quiet Title Act, such a third-party claim can do so only if it clouds the plaintiff's title. *Id.* at 1192. Because Stratman had been barred by the Alaska Superior Court from asserting claims for himself or others on Leisnoi's land at the time Leisnoi's complaint was filed, we concluded that there had not been a colorable dispute between the interests of the United States and the interests of Leisnoi. *Id.* at 1193. Consequently, we concluded that the district court had not erred in dismissing for lack of jurisdiction. *Id.*

We went on to note, however, that the situation had changed dramatically since the district court had ruled. *Id.* We observed that, after the district court had issued its ruling, the Alaska Supreme Court had vacated the superior court's decision and directed that a stay be entered until Stratman's decertification action was completed.[2] *Id.* The Alaska Supreme Court also had directed that the notice of *lis pendens* remain in effect to notify prospective purchasers of the possibility of reversion. In dictum, we suggested that these actions of the Alaska Supreme Court well may have created a cloud on Leisnoi's title, but we declined to reach that question because the Alaska Supreme Court's decision came after the district court's dis-

---

**2.** The Alaska Supreme Court concluded that, if the decertification action were decided adversely to Leisnoi, the United States might reacquire Leisnoi's interest in the lands. This conclusion was erroneous. In both *Leisnoi I* and the present appeal, the United States has taken the firm position that its conveyance of land to Leisnoi has been incontestable since 1992, when the six-year statute of limitations

period elapsed on any possible suit to recover the land. *See* 43 U.S.C. § 1166. Consequently, the land could not revert to the United States regardless of the outcome of the decertification proceeding. Nonetheless, as we observed in *Leisnoi I*, the fact that the decision of the Alaska Supreme Court was erroneous does not prevent it from clouding Leisnoi's title. 170 F.3d at 1193 n. 9.

missal, and thus was not before us in *Leisnoi I. Id.*

After our decision in *Leisnoi I*, Leisnoi promptly filed a new quiet title action in the district court. Leisnoi observed that the Alaska Supreme Court's decision clouded title to Leisnoi's land, because it raised the threat of reversion and allowed the *lis pendens* that Stratman filed on behalf of the United States to remain in place. According to Leisnoi, under the test set out in *Leisnoi I*, the cloud on title resulting from Stratman's actions was now sufficient to trigger initial jurisdiction under the Quiet Title Act.

The district court rejected Leisnoi's argument. Disregarding the jurisdictional test that we applied in *Leisnoi I*, the district court fashioned its own rule that under no circumstances could a third party's assertion of a United States' interest create jurisdiction under the Quiet Title Act. Thus, the district court again dismissed for lack of initial jurisdiction. This appeal followed.

■ We have jurisdiction over this appeal pursuant to 28 U.S.C. § 1291. We review de novo the district court's conclusion that it lacks initial subject matter jurisdiction, *Tucson Airport Auth. v. Gen. Dynamics Corp.*, 136 F.3d 641, 644 (9th Cir.1998). We reverse the judgment of the district court.

### Discussion

In this appeal, Leisnoi contends that the district court erred when it determined that it did not have initial jurisdiction under the Quiet Title Act, 28 U.S.C. § 2409a. We agree.

■ As we held in *Leisnoi I*, two conditions must exist before a district court can exercise jurisdiction over an action under the Quiet Title Act: 1) the United States must claim an interest in the property at issue; and 2) there must be a disputed title to real property between interests of the plaintiff and the United States. *Leisnoi I*, 170 F.3d at 1191–92; *see also* 28 U.S.C. § 2409a(a). In this case, both requirements have been satisfied. The first requirement has been fulfilled because the United States claimed, and continues to claim, reserved easements in Leisnoi's property. *Id.* at 1191. As we held in *Leisnoi I*, this first requirement is met even though Leisnoi does not dispute the government's entitlement to these easements; the relevant language of the Quiet Title Act ("property in which the United States claims an interest") does not require that the interest the United States "claims" be in dispute. *See Leisnoi I*, 170 F.3d at 1192 & n. 6.

■ The second requirement has been satisfied as well because, at the time the complaint was filed (and since), there was a continuing dispute between the asserted interests of Leisnoi and the United States in the property at issue. *Id.* at 1192–93. That the United States' interests in this dispute have been asserted by Stratman, a third party, rather than the United States itself, does not change this conclusion. As we stated in *Leisnoi I*, "a third party's claim of an interest of the United States can suffice [to create a dispute in title] if the third party's claim clouds the plaintiff's title. Any other conclusion would thwart the purposes of the Quiet Title Act; an attributed but infirm interest of the United States could cloud the title but not be subject to challenge." *Id.* at 1192. Here, Stratman's assertion of the United States' title, coupled with the Alaska Supreme Court's opinion allowing Stratman's *lis pendens* to remain in place for an indefinite period, is sufficient to create a colorable dispute between Leisnoi and the United States, because it has clouded title to Leisnoi's land. *Cf. id.* at 1193 (Stratman's

assertion of the United States' title was not sufficient to create a colorable dispute because, at the time the district court ruled, the Alaska Superior Court had expressly removed any cloud that Stratman had placed on the title). Consequently, under the test set out in *Leisnoi I*, there is a "disputed title" in Leisnoi's land, and both of the Quiet Title Act's jurisdictional requirements have been met.

The United States contends that our formulation of the two requirements for initial jurisdiction in *Leisnoi I* was mere dictum because we held that no dispute existed between the United States and Leisnoi, rendering our formulation of the two requirements for initial jurisdiction unnecessary. But the formulation of the two requirements for initial jurisdiction was the foundation of our rationale in analyzing whether initial jurisdiction existed. The fact that we then held that the second requirement had not been met (after holding that the first one had) does not render our statement of the requirements pure dictum. *See United States v. Weems*, 49 F.3d 528, 532 (9th Cir.1995) (issue "necessarily decided" for collateral estoppel purposes when court addressed it and went on to second, dispositive issue, even though first issue could have been avoided).

Even if we accepted the view of the United States, however, it would not change the result here. We again hold, as we did in adopting our jurisdictional test in *Leisnoi I*, 170 F.3d at 1192, that (1) the first requirement for initial jurisdiction may be met by an interest of the United States in the property in issue even if that interest is undisputed, and (2) that the second requirement can be met by a third party's assertion of an interest of the United States adverse to the plaintiff when the third party's act clouds the plaintiff's title. Contrary to the United States' assertions, our decision in *Alaska v. United States*,

201 F.3d 1154 (9th Cir.2000), is not inconsistent with such conclusions. Although, in keeping with *Leisnoi I*, 170 F.3d at 1192, we stated in *Alaska* that there must be a conflict in title between the United States and the plaintiff for jurisdiction to exist, we did not hold that a third party cannot create this dispute by asserting an interest on behalf of the United States. *Alaska*, 201 F.3d at 1164–65. Indeed, the question of whether a third party could create a dispute on behalf of the United States was not before us in *Alaska*. Thus, the holding in *Alaska* has no effect on this issue and we adhere to our ruling in *Leisnoi I*.

■ The United States contends that, even if both jurisdictional requirements set forth in *Leisnoi I* have been met, Leisnoi's suit is nonetheless barred by the Quiet Title Act's 12–year statute of limitations. *See* 28 U.S.C. § 2409a(g). Under § 2409a(g), the 12–year limitations period begins to run from the time plaintiff "knew or should have known of the claim of the United States." The United States bases its argument on our holding that the first requirement of initial jurisdiction-"property in which the United States claims an interest," § 2409a(a)-is met by the undisputed easements of the United States in the tract in question. If that is the "claim," argues the United States, then time began to run on it as soon as Leisnoi knew of the easements in 1985, when the United States granted its patent to Leisnoi. *See Dep't of Revenue v. ACF Indus., Inc.*, 510 U.S. 332, 342, 114 S.Ct. 843, 127 L.Ed.2d 165 (1994) (observing that it is a "normal rule of statutory construction ... that identical words used in different parts of the same act are intended to have the same meaning"). The 12–year limitation then would have expired in 1997, before Leisnoi brought this action.

We reject this contention; indeed, we suspect that the United States offers it more as an attack on our formulation of the first requirement than as a serious limitations argument. It makes no sense to start limitations running because of an event that creates no dispute and is not involved in the controversy against which a limitations defense is asserted. Nor do the rules of statutory construction require such a result. Although it is generally true that identical words used in the same statute are construed to mean the same thing, we have previously recognized that the verb "claims" in § 2409a(a) does not have a meaning identical to that of the noun "claim" in § 2409a(g). *See Alaska,* 201 F.3d at 1164. In *Alaska,* we stated that "it is possible that a claim is substantial enough for jurisdiction even if limitations against a private litigant has not yet begun to run." *Id.* In so doing, we made clear that the real property in which the United States "claims an interest" can suffice to meet the real property interest requirements of § 2409a(a), without necessarily triggering the 12–year period of limitation of § 2409a(g), which begins when a claim of title in favor of the United States becomes adverse to the plaintiff. *See Michel v. United States,* 65 F.3d 130, 131–32 (9th Cir.1995). Here, the reserved easements were not adverse to the claim asserted by Leisnoi, and knowledge of those easements did not start limitations running.

Instead, the statute of limitations began to run when Stratman clouded Leisnoi's title by his claim of an adverse interest on behalf of the United States. This action was dismissed in the district court for lack of initial jurisdiction; it is not surprising, therefore, that the record is not developed sufficiently to permit us to address the limitations issue so framed. Limitations is an affirmative defense, *see Cedars–Sinai Med. Ctr. v. Shalala,* 177 F.3d 1126, 1128–29 (9th Cir.1999); the government remains free to raise that defense at an appropriate stage of the litigation if it chooses to do so.[3]

### Conclusion

Because Leisnoi has met the requirements for establishing initial jurisdiction under the Quiet Title Act, it was error for the district court to dismiss for lack of jurisdiction. We reverse the judgment of the district court and remand for the district court to accept initial jurisdiction in this action and to conduct further appropriate proceedings. The record does not reflect that the United States has filed a disclaimer of interest in the present action; if it does so before trial, § 2409a(e) of course governs.[4]

**REVERSED and REMANDED.**

GRABER, Circuit Judge, specially concurring:

I concur in the result, because it is compelled by the majority's rationale in *Leisnoi, Inc. v. United States,* 170 F.3d 1188 (9th Cir.1999). But, for the reasons explained in my concurrence in that earlier appeal, I do not believe that a third party can claim an interest on behalf of the

---

3. "[F]ederal statutory time limitations on suits against the government are not jurisdictional in nature." *Washington v. Garrett,* 10 F.3d 1421, 1437 (9th Cir.1994). Consequently, Leisnoi did not need to demonstrate that its case was within the limitations period as part of establishing jurisdiction for its claim.

4. Although the United States filed a disclaimer in *Leisnoi I,* the record does not reflect that it filed a disclaimer in the present action.

United States for purposes of the Quiet Title Act.