**LEISNOI, INC., Plaintiff–Appellee,**

v.

**UNITED STATES of America, Defendant–Appellee.**

**Omar Stratman, Applicant in intervention-Appellant.**

No. 02–35190.

United States Court of Appeals, Ninth Circuit.

Submitted Sept. 6, 2002.*

Filed Dec. 19, 2002.

---

* The panel unanimously finds this case suitable for decision without oral argument pursuant to Fed. R.App. P. 34(a)(2).

Michael J. Schneider and Eric R. Cossman, Law Offices of Michael J. Schneider, P.C., Anchorage, Alaska, for the appellant.

John R. Fitzgerald, McAlpine & Cozad, New Orleans, Louisiana, and Todd S. Aagaard, United States Department of Justice, Environment & Natural Resources Division, Washington, D.C., for the appellees.

Before: CANBY and GRABER, Circuit Judges, and MARSHALL,** District Judge.

CANBY, Circuit Judge.

Omar Stratman appeals the district court's dismissal of his motion to intervene in a suit brought by Alaska Native village corporation Leisnoi, Inc., against the United States under the Quiet Title Act, 28

U.S.C. § 2409a. The Quiet Title Act permits suit against the United States "to adjudicate a disputed title to real property in which the United States claims an interest." *Id.* § 2409a(a). It also provides:

> If the United States disclaims all interest in the real property or interest therein adverse to the plaintiff at any time prior to the actual commencement of the trial, which disclaimer is confirmed by order of the court, the jurisdiction of the district court shall cease.... [1]

28 U.S.C. § 2409a(e).

In the present suit, the United States filed a disclaimer before trial, and the district court confirmed the disclaimer, quieted title in Leisnoi, and dismissed the action for lack of further jurisdiction. It then dismissed as moot Stratman's motion to intervene, which had been filed before the disclaimer. We affirm the dismissal of Stratman's motion.

*Factual and Procedural Background*

This is the third time this quiet title dispute has been before us. The tortuous details are set out more fully in our decisions in *Leisnoi, Inc. v. United States,* 170 F.3d 1188, 1189–91 (9th Cir.1999) (*"Leisnoi I"*), and *Leisnoi, Inc. v. United States,* 267 F.3d 1019, 1021–22 (9th Cir.2001) (*"Leisnoi II"*), but the basic facts are as follows.

As an Alaska Native village corporation, Leisnoi in 1985 received a surface estate in land by patent from the United States pursuant to the Alaska Native Claims Settlement Act ("ANCSA"). Stratman has conducted ranching operations on the for-

---

** The Honorable Consuelo Bland Marshall, United States District Judge for the Central District of California, sitting by designation.

1. There is an exception to the requirement that jurisdiction cease if the court has an independent ground of jurisdiction over the litigation. 28 U.S.C. § 2409a(e). The exception has no application to this case.

mer federal lands patented to Leisnoi. Stratman contends that Leisnoi never properly qualified as a Native Village under ANCSA, and that the lands it selected therefore must be returned to the federal government.

Leisnoi desired to sell some of this land to Exxon Valdez Oil Spill Trustees ("Trustees"), but has been unable to do so because the Trustees are concerned that Leisnoi's title to the land could revert to the United States. The Trustees' concern flows from a notice of *lis pendens* covering Leisnoi's land recorded by Stratman on behalf of the United States. The *lis pendens* was filed on the strength of a "decertification" action filed in federal court by Stratman and other individuals, claiming that Leisnoi did not qualify as a Native village under ANCSA, and that Leisnoi must return to the federal government the land that it received pursuant to ANCSA. This decertification action was referred by the federal district court to the Interior Board of Land Appeals.[2]

In an effort to quiet title to the land, Leisnoi brought suit against Stratman in Alaska Superior Court in 1996. The Superior Court agreed with Leisnoi that Stratman, as a third party, had no interest in the title to Leisnoi's land. The court entered judgment quieting title in Leisnoi and removing any clouds that Stratman had placed on the title. Nonetheless, the Trustees maintained that quieting the title against Stratman did not guarantee that the United States would not reacquire Leisnoi's land, because they feared that Leisnoi's land could revert to the United States if Leisnoi were to be "decertified" in the pending federal administrative proceedings.[3]

Leisnoi therefore brought an action in federal court against the United States under the Quiet Title Act to establish authoritatively that there was no possibility of the land reverting to the United States. The district court denied initial jurisdiction and we affirmed on the ground that there was no dispute in title as required by § 2409a(a); the United States claimed no adverse interest and Stratman's claim on behalf of the United States did not cloud title because it had been rejected by the state superior court. *See Leisnoi I*, 170 F.3d at 1189–90, 1193–94.

After the decision of the district court in *Leisnoi I*, the Alaska Supreme Court vacated the state superior court's decision and directed that a stay be entered until Stratman's decertification action was completed and that Stratman's notice of *lis pendens* remain in effect to notify prospective purchasers of the possibility of reversion of Leisnoi's lands to the United States. *Stratman v. Leisnoi, Inc.*, 969 P.2d 1139, 1143 (Alaska 1998). Leisnoi accordingly filed this second action in federal district court under the Quiet Title Act. The district court again dismissed for

---

**2.** The Interior Board of Land Appeals ultimately held that it had no jurisdiction over Stratman's claim to decertify Leisnoi or to recommend litigation by the United States to recover Leisnoi's land, because the United States had issued a patent to Leisnoi that was now incontestable. *Stratman v. Leisnoi, Inc.*, 157 IBLA 301, 311–12 (I.B.L.A. Oct. 29, 2002). Despite its lack of jurisdiction, the Board then answered the inquiry of the referring district court by stating that Leisnoi had been improperly certified in 1974 because it lacked the minimum population on the requi-

site date in 1970. *Id.* at 319–20. The Board then restated its lack of subject matter jurisdiction and returned the case to the district court. *Id.* at 320.

**3.** The United States has consistently held the position that it cannot reacquire the land, whatever the outcome of the decertification process, because the time for such a suit has long since run. *See Leisnoi II*, 267 F.3d at 1022 n. 2.

lack of initial jurisdiction, but we reversed on the ground that the reinstatement of Stratman's *lis pendens* created a cloud on Leisnoi's title and raised a dispute of title between the United States (whose title was being asserted by Stratman) and Leisnoi, thus providing for initial jurisdiction under § 2409a(a). *Leisnoi II*, 267 F.3d at 1023–24.

Upon remand, the district court took initial jurisdiction. Stratman moved to intervene, and the United States filed a disclaimer of title. The district court confirmed the disclaimer, quieting title in Leisnoi. The district court then dismissed the action because the disclaimer deprived it of jurisdiction, and it dismissed as moot Stratman's motion to intervene. Stratman now appeals.

### Discussion

■ We have jurisdiction over the district court's denial of Stratman's motion to intervene as of right, because it is a final appealable order.[4] 28 U.S.C. § 1291; *Southwest Ctr. for Biological Diversity v. Berg*, 268 F.3d 810, 814 (9th Cir.2001). We review de novo a denial of a motion to intervene. *Id.* at 817.

■ The only question properly raised by Stratman is whether the district court erred in denying his motion as moot. *See United States v. Ford*, 650 F.2d 1141, 1143 (9th Cir.1981). There was no error. Once the United States filed its disclaimer of the land claimed by Leisnoi, the plain terms of § 2409a(e) deprived the district court of jurisdiction. *See Alaska v. United States*, 201 F.3d 1154, 1162 (9th Cir.2000). It was required to dismiss, and did so.[5] There remained no controversy in which Stratman could intervene. *See Ford*, 650 F.2d at 1143.

■ Stratman contends that it was improper for the district court to dismiss his motion as moot because it was filed before the United States filed its disclaimer of title. He insists that his motion is not moot because, if it were granted, he could appeal the judgment of dismissal. There are two fatal defects in this line of argument. First, Stratman offers no authority requiring the district court to follow a particular order in addressing motions or other pleadings. Second, Stratman does not assert an interest that would allow him to contest the dismissal. Stratman did not seek to

4.  Leisnoi's motion to dismiss the appeal for lack of subject matter jurisdiction and mootness is denied. As the government points out in its brief, Stratman's motion might not be moot if intervention would permit him to appeal the judgment of dismissal. *See League of United Latin American Citizens v. Wilson*, 131 F.3d 1297, 1301 n. 1 (9th Cir.1997). We therefore address that question and resolve it, as Leisnoi and the government urge, against Stratman.

   Leisnoi's motion to supplement record on appeal, or for judicial notice of contrary position Stratman has taken before the IBLA, is also denied.

5.  Stratman argues that the disclaimer should not have been confirmed because it "purported to disclaim Stratman's[Administrative Procedure Act] claim against the United States"

in the decertification proceedings and was, therefore, not filed in good faith. *See Lee v. United States*, 809 F.2d 1406, 1409–10 (9th Cir.1987) (holding that confirmation of disclaimer of interest is proper where it is filed in good faith). The government here, however, has disclaimed only "property interest in the surface estate of the lands [at issue]"; its disclaimer did not in any way address Stratman's decertification claim. The confirmation of the disclaimer was therefore effective in depriving the district court of further jurisdiction under § 2409a(e), and rendered Stratman's motion moot. The remaining challenges by Stratman to the merits of the district court's judgment are beyond our jurisdiction in this appeal from a denial of intervention. *See Pellegrino v. Nesbit*, 203 F.2d 463, 468–69 (9th Cir.1953).

intervene in order to assert a title claim of his own; he claimed only that the United States was entitled to Leisnoi's land. "It is not sufficient for one challenging a patent to show that the patentee should not have received the patent; he must also show that he (the challenger) is entitled to it." *Kale v. United States,* 489 F.2d 449, 454 (9th Cir.1973). The cloud that lay over Leisnoi's title as a result of Stratman's *lis pendens* was the possibility that Leisnoi's land might revert to the United States. The decision whether to negate that possibility by filing a disclaimer in this Quiet Title action was entirely the prerogative of the United States. *Cf. United States v. Throckmorton,* 98 U.S. 61, 70, 25 L.Ed. 93 (1878) (Attorney General must endorse and control, and may dismiss, any suit to set aside federal land patent). In light of these authorities, Stratman did not lose any right of appeal, and the district court accordingly did not err in ruling that his intervention motion was moot.

The order of the district court dismissing Stratman's motion is

**AFFIRMED.**