**NOT FOR PUBLICATION**

FILED

DEC 10 2010

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS



UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| AVISTA CORPORATION INC., | No. 09-35722 |
| Plaintiff - Appellant, | D.C. No. 9:05-cv-00201-JCL |
| v. | |
| SANDERS COUNTY; DORRIEN H. WOLFE; DIANE LARSON; LESLIE RICKEY; SEAN M. STEPHENS; JAMES R. DOYLE; BONNIE M. SHARP; RONALD GENE SHARP; RONALD SCOTT SHARP; GREGORY STEWART SHARP, | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the District of Montana
Jeremiah C. Lynch, Magistrate Judge, Presiding

Submitted November 4, 2010[**]
Portland, Oregon

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Before:   W. FLETCHER and FISHER, Circuit Judges, and JONES, District Judge.<sup></sup>

Avista Corporation ("Avista") appeals the Magistrate Judge's decision denying it leave to amend its complaint to add a claim under the Quiet Title Act, 28 U.S.C. § 2409a, to quiet title in a former railroad right of way. The right of way is potentially owned by either the descendants of Arthur Hampton ("Individual Defendants") or the United States, but not by Avista. The Magistrate Judge held that our decision in *Avista Corporation Inc. v. Wolfe*, 549 F.3d 1239 (9th Cir. 2008), which concluded that Avista had no claim to title in any part of the right of way at issue, left Avista without Article III standing to bring a Quiet Title claim. Avista argues that its economic interest in the outcome of the ownership dispute between the Individual Defendants and the United States gives it Article III standing, and its ownership of a flowage easement over part of the disputed right of way confers jurisdiction on its suit under the Quiet Title Act. Although we agree with Avista that it has Article III standing, we affirm on the alternate ground that the Quiet Title Act does not confer jurisdiction over a suit to quiet title in land disputed between the United States and a third party.

Avista does have Article III standing to bring its Quiet Title Act claim. Avista is adversely affected economically by not knowing the owner of the right of

---

[***] The Honorable James P. Jones, United States District Judge for the Western District of Virginia, sitting by designation.

2

way. This adverse effect constitutes injury in fact. The injury to Avista is caused by the lack of resolution of the question of land ownership. The requested relief of resolution of the title dispute and a determination of the owner of the right of way would redress that injury. Thus Avista has Article III standing. *See Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992).

The Quiet Title Act, however, does not confer jurisdiction over a claim by Avista to quiet title in a dispute between the United States and the Individual Defendants. We have stated that "for initial jurisdiction to lie [under the Quiet Title Act] there must be a conflict in title between the United States and the plaintiff." *Leisnoi, Inc. v. United States*, 170 F.3d 1188, 1191 (9th Cir. 1999). In the present case, no such conflict exists. Although Avista does have a flowage easement over part of the right of way, Avista's ownership of the easement is uncontested and cannot form the basis for litigation under the Quiet Title Act over an unrelated title dispute between other parties. We sympathize with Avista's desire to have the title dispute between the Individual Defendants and the United States resolved, but the Quiet Title Act does not enable Avista to force its resolution.

Furthermore, *Metropolitan Water District of Southern California v. United States*, 830 F.2d 139 (9th Cir. 1987), and *State of Alaska v. Babbitt*, 38 F.3d 1068 (1994), do not apply. Those cases concerned the Quiet Title Act's exclusion of

3

jurisdiction over disputes involving Native American territory, and thus were based on the "fundamental authority of the Secretary to establish reservation boundaries and to protect the property interests of the Indian tribes." *Metropolitan Water District*, 830 F.2d at 144. Such concerns are not relevant to this case.

Avista argues that the Magistrate Judge's decision deviated from the mandate in our prior decision. We disagree. Our mandate includes all issues "decided explicitly or by necessary implication." *In re Beverly Hills Bancorp*, 752 F.2d 1334, 1337 (9th Cir. 1984). Avista cites cases in which the district court directly violated our instructions. *See United States v. Carpenter*, 298 F.3d 1122, 1124 (9th Cir. 2002); *United States v. Paul*, 561 F.3d 970, 973 (9th Cir. 2009). Our previous decision in this case, however, listed issues we were not reaching, but it did not specifically instruct the district court to do anything. *See Avista*, 549 F.3d at 1252 ("leav[ing it] to the district court to determine" unresolved issues). This did not necessarily imply a conclusion that Avista had standing to bring a Quiet Title Act claim, or that the Quiet Title Act conferred jurisdiction over Avista's case.

**AFFIRMED.**