**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ERIC STILLER; JOSEPH MORO, on behalf of themselves individually and all others similarly situated, | No.   15-55361 |
| Plaintiffs-Appellants, | D.C. No. 3:09-cv-02473-GPC-BGS |
| v. | |
| COSTCO WHOLESALE CORPORATION, | MEMORANDUM[*] |
| Defendant-Appellee. | |

| | |
|---|---|
| ERIC STILLER; JOSEPH MORO, on behalf of themselves individually and all others similarly situated, | No.   15-55691 |
| Plaintiffs, | D.C. No. 3:09-cv-02473-GPC-BGS |
| and | |
| FLORA CASTOR; MICHAEL DRENTEA; MICHAEL STEWART, Proposed Intervenors, | |
| Applicants-in-intervention-Appellants, | |

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

v.

COSTCO WHOLESALE
CORPORATION,

Defendant-Appellee.

Appeal from the United States District Court
for the Southern District of California
Gonzalo P. Curiel, District Judge, Presiding

Argued and Submitted December 8, 2016
Pasadena, California

Before:  CALLAHAN, BEA, and IKUTA, Circuit Judges.

Joseph Moro brought a class action against Costco Wholesale Corporation

("Costco"), alleging violations of the California Labor Code.  Moro alleges that

certain of Costco's policies and procedures operating in conjunction (together, the

"Alleged Policy") resulted in employees who worked closing shifts being locked in

Costco's warehouses and working off the clock without compensation while

managers completed tasks including till pulls and jewelry pulls.  The district court

granted Costco's motion for decertification of the class action.  Moro settled his

individual claims, stipulated to dismissal, and appealed. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.[1]

"We review the district court's class certification order for abuse of discretion and the findings of fact upon which it relied for clear error." *Torres v. Mercer Canyons Inc.*, 835 F.3d 1125, 1132 (9th Cir. 2016) (citing *Parsons v. Ryan*, 754 F.3d 657, 673 (9th Cir. 2014)).

Class certification is appropriate under Federal Rule of Civil Procedure 23(b)(3) when "questions of law or fact common to class members predominate over any questions affecting only individual members." *Tyson Foods, Inc. v. Bouaphakeo*, 136 S. Ct. 1036, 1045 (2016) (quoting Fed. R. Civ. P. 23(b)(3)). "An individual question is one where 'members of a proposed class will need to present evidence that varies from member to member,' while a common question is one where 'the same evidence will suffice for each member to make a prima facie showing [or] the issue is susceptible to generalized, class-wide proof.'" *Id.* (quoting 2 William B. Rubenstein, *Newberg on Class Actions* § 4:50 (5th ed. 2012)) (alteration in original).

---

[1] Because Moro has retained a sufficient personal stake in class representation despite his settlement of his individual claims, he retains standing to appeal the district court's decertification order. *Narouz v. Charter Commc'ns, LLC*, 591 F.3d 1261, 1264 (9th Cir. 2010).

3

Contrary to Moro's contentions, the district court did not require that common questions resolve liability for every class member, or impose a "one hundred percent" predominance requirement. Instead, the district court looked to the three elements of an "off-the-clock claim" under California law. *See Jimenez v. Allstate Ins. Co.*, 765 F.3d 1161, 1165 (9th Cir. 2014) (applying the test set forth by *Adoma v. Univ. of Phoenix, Inc.*, 270 F.R.D. 543 (E.D. Cal. 2010)). Because Costco put forward sufficient evidence to show that the individual policies comprising the Alleged Policy were not implemented and applied uniformly, the court properly determined that proving that class members actually performed unpaid work—as required to establish liability under the *Adoma* test—would require class members to present evidence that varied from member to member. As such, whether class members actually performed unpaid work was not a common question capable of classwide resolution. *See Tyson Foods*, 136 S. Ct. at 1045.

The district court did not abuse its discretion in ruling that this individualized issue would predominate over common issues such that the class would not be "sufficiently cohesive to warrant adjudication by representation." *Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 623 (1997). Neither the district court's refusal to employ the two-stage burden-shifting procedure applicable in the

4

Title VII context set forth in *International Brotherhood of Teamsters v. United States*, 431 U.S. 324 (1977), nor its now-erroneous determination that representative proof could never be used to establish liability, *see Tyson Foods*, 136 S. Ct. at 1046, change this result.

**AFFIRMED.**[2]

---

[2]     Also on appeal is the district court's denial of a motion for intervention by proposed intervenor plaintiffs.  The parties agreed at oral argument that we need not reach the issues raised by the proposed intervenors' appeal if we find that Moro retains standing, and indeed, the proposed intervenors "do[] not assert an interest that would allow [them] to contest the dismissal" of Moro's individual claims against Costco, *see Leisnoi, Inc. v. United States*, 313 F.3d 1181, 1184 (9th Cir. 2002).  Accordingly, the proposed intervenors' appeal, No. 15-55691, and the pending motion for judicial notice are **DISMISSED** as moot.