906 F.2d 1362
 SHINY ROCK MINING CORPORATION, Plaintiff-Appellant,
v.
UNITED STATES of America; U.S. Department of the Interior;
William Clark, Secretary of Interior; Bureau of Land
Management; Robert R. Burford, Director of the Bureau of
Land Management; Harold A. Berends, Chief, Branch of Lands
and Mineral Operations, Bureau of Land Management, Oregon
State Office, Defendants-Appellees.
 No. 89-35577.
 United States Court of Appeals,
Ninth Circuit.
 Argued and Submitted May 9, 1990.
Decided June 28, 1990.
 
 M. Craig Haase, Haase and Harris, Reno, Nev., for plaintiff-appellant.
 Blake A. Watson, U.S. Dept. of Justice, Washington, D.C., for defendants-appellees.
 Appeal from the United States District Court for the District of Oregon.
 Before BROWNING, ALARCON, Circuit Judges, and TEVRIZIAN,* District Judge.
 ALARCON, Circuit Judge:
 
 
 1
 Shiny Rock Mining Corporation (Shiny Rock) appeals from the dismissal of this action as barred by the statute of limitations. Shiny Rock sought a declaratory judgment that Public Land Order 3502 (PLO 3502), effective December 8, 1964, deprives Shiny Rock of its property without due process and that enforcement of its provisions will result in a taking without just compensation. On appeal, Shiny Rock argues that its challenge to PLO 3502 is not barred by the applicable six-year limitations period because it did not receive actual notice of PLO 3502 until 1981, and because it did not incur injury and obtain standing to sue until its mining patent application was rejected in 1983. Because we conclude that the statute of limitations began to run when PLO 3502 was published in the Federal Register, we affirm.
 
 STATEMENT OF THE CASE
 
 2
 The history of this case is set forth in our prior opinion in this matter, Shiny Rock Mining Corp. v. United States, 825 F.2d 216 (9th Cir.1987). In 1964, PLO 3502 withdrew from appropriation under the United States mining laws all lands lying within a certain area of forest road S80 in the Williamette National Forest. Some time after 1979, Shiny Rock applied to the Bureau of Land Management (BLM) for a mineral patent. The BLM rejected that part of the claim that was situated in the area withdrawn by PLO 3502.
 
 
 3
 Shiny Rock appealed to the Interior Board of Land Appeals (IBLA), arguing that there were errors and violations of statutes and regulations in the formulation and publication of PLO 3502. The IBLA denied relief based on the "notation rule," which forbids the granting of rights incompatible with preexisting uses noted in the BLM records.
 
 
 4
 Shiny Rock then filed its declaratory judgment suit, arguing that enforcement of PLO 3502 would violate its constitutional rights. The district court granted summary judgment for the government, holding that the notation rule as applied did not violate Shiny Rock's due process rights and that, because the withdrawal was noted on the BLM land records, the land in question was not subject to further entry. On appeal, we affirmed in part and reversed and remanded in part, holding that, although Shiny Rock has no legal claim to the land, the district court should have addressed its underlying challenge to PLO 3502. We specifically "le[ft] to the district court the task of deciding any threshold issues that may apply such as standing and timeliness of the complaint." 825 F.2d at 220.
 
 
 5
 On remand, the government moved for summary judgment, arguing that the six-year statute of limitations applicable to civil claims against the government, 28 U.S.C. Sec. 2401(a) (1982), barred Shiny Rock's challenge to PLO 3502. The district court held that, as a matter of law, the Federal Register notices for PLO 3502 and PLO 3556, which corrected PLO 3502 on March 2, 1965, adequately described the land withdrawal. Therefore, the court held that the right to challenge the withdrawal accrued at the time PLO 3502 and PLO 3556 became effective. The district court also concluded that the statutory period was not recommenced by Shiny Rock's filing of its mineral patent application.
 
 STANDARD OF REVIEW
 
 6
 The district court's grant of summary judgment is reviewed de novo. Shiny Rock Mining Corp., 825 F.2d at 218. A grant of summary judgment should be upheld "unless there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986).
 
 DISCUSSION
 A. Statutory Period
 
 7
 The Administrative Procedure Act (Act), 5 U.S.C. Secs. 701-706 (1988), provides for judicial review of agency actions. Id. Sec. 702. Neither the Public Land Orders nor the Act contain a specific statute of limitations; thus, the general civil action statute of limitations, 28 U.S.C. Sec. 2401(a), applies. See Sierra Club v. Penfold, 857 F.2d 1307, 1315 (9th Cir.1988) (28 U.S.C. Sec. 2401(a) applies "to actions brought under the APA which challenge a regulation on the basis of a procedural irregularity").
 
 
 8
 Section 2401(a) contains the following limitation:
 
 
 9
 Except as provided by the Contract Disputes Act of 1978, every civil action commenced against the United States shall be barred unless the complaint is filed within six years after the right of action first accrues.
 
 
 10
 28 U.S.C. Sec. 2401(a) (1982). The parties do not dispute that the six-year limitation applies; rather, Shiny Rock attacks the district court's analysis of when the right of action accrued. Shiny Rock asserts that the right to action did not accrue until 1983, and raises three arguments to support this theory.
 
 1. Notice
 
 11
 Shiny Rock alleges that, because it did not have actual knowledge of the government's land withdrawal until May 20, 1981, the statute of limitations did not begin to run until that date. Shiny Rock correctly asserts that knowledge of injury is essential for a cause of action to accrue. See Acri v. International Ass'n of Machinists, 781 F.2d 1393, 1396 (9th Cir.) ("Under federal law a cause of action accrues when the plaintiff is aware of the wrong and can successfully bring a cause of action."), cert. denied, 479 U.S. 816, 107 S.Ct. 73, 93 L.Ed.2d 29 (1986).
 
 
 12
 Actual knowledge of government action, however, is not required for a statutory period to commence. "Publication in the Federal Register is legally sufficient notice to all interested or affected persons regardless of actual knowledge or hardship resulting from ignorance." Friends of Sierra R.R., Inc. v. ICC, 881 F.2d 663, 667-68 (9th Cir.1989), cert. denied, --- U.S. ----, 110 S.Ct. 1166, 107 L.Ed.2d 1069 (1990); see also Government of Guam v. United States, 744 F.2d 699, 701 (9th Cir.1984) (Federal Register publication constituted "formal notice to the world" and barred claim under statute of limitations in the Quiet Title Act). The district court did not err in concluding that Shiny Rock had constructive notice of the land withdrawals.
 
 
 13
 Shiny Rock further argues that the Federal Register publication of PLO 3502 was defective, in that it listed the road forming the centerline of the withdrawal as "Forest Road 580" instead of "Forest Road S80." Any ambiguity created by the typographical error in PLO 3502 was dispelled by PLO 3556. See PLO 3556, 30 Fed.Reg. 2,662 (March 2, 1965) ("Subject to valid existing rights, the following described national forest lands are hereby withdrawn from appropriation under the U.S. mining laws ... LITTLE NORTH FORK ROAD ZONE (FOREST ROAD NO. S80)."). Accordingly, substitution of "580" for "S80" in PLO 3502 did not invalidate the notice resulting from the publication of PLO 3052 and PLO 3556 in the Federal Register.
 
 2. Standing
 
 14
 Shiny Rock's second argument is that it had no standing to challenge PLO 3502 until its mineral patent application was denied in 1983. Without citation, Shiny Rock argues that standing is a prerequisite to the accrual of a right of action for statute of limitations purposes. Shiny Rock appears to contend that, regardless of the date that the withdrawal of lands was published in the Federal Register, a party may challenge its validity within six years after the denial of its application because it does not have standing prior to such rejection.
 
 
 15
 The logic of this position is fatally flawed. In order for us to sustain a challenge to the legal sufficiency of a government land withdrawal, a party must make a showing that it has standing and that the cause of action was filed within six years of the publication of the withdrawal in the Federal Register. In Penfold, we declined to adopt a rule under which "claimants such as Sierra Club could challenge regulations ... when administered by the federal agency, rather than when adopted." 857 F.2d at 1316. Shiny Rock's suggestion that the statute of limitations did not commence until the rejection of its claim because it lacked standing prior to that date, if accepted, would produce the result we avoided in Penfold. It would permit a land withdrawal, such as PLO 3502, to be subjected to challenge more than six years after it was published in the Federal Register simply because a new application has been denied. Adoption of Shiny Rock's rationale would virtually nullify the statute of limitations for challenges to agency orders.
 
 
 16
 We decline to accept the suggestion that standing to sue is a prerequisite to the running of the limitations period. To hold otherwise would render the limitation on challenges to agency orders we adopted in Penfold meaningless. Cf. Vincent Murphy Chevrolet Co. v. United States, 766 F.2d 449, 452 (10th Cir.1985) ("To hold that the twelve-year [quiet title act] statute of limitations did not begin to run until conditions began changing would give rise to an interpretation of the term "claim" under Sec. 2409a(f) which could extend the limitations period indefinitely. We cannot extend the waiver of immunity under the quiet title act beyond that which Congress could have intended and we refuse to do so without a clear expression of legislative intent.") We adopt the reasoning of our Penfold decision and reject Shiny Rock's proposal that would tie the commencement of the statute of limitations to the rejection of an application for a mineral patent.
 
 3. Injury
 
 17
 Shiny Rock's third argument for extending the limitations period is that injury to Shiny Rock was necessary for the right of action to accrue, and that no injury to Shiny Rock had occurred until its mineral patent application was denied on January 20, 1983. This argument is similar to the standing argument above and we decline to accept it for the same reasons. The only injury required for the statutory period to commence was that incurred by all persons when, in 1964 and 1965, the amount of land available for mining claims was decreased. Cf. Sagebrush Rebellion, Inc. v. Hodel, 790 F.2d 760 (9th Cir.1986) (entertaining a procedural challenge to land withdrawals without any assertion that plaintiffs had filed a property claim).
 
 
 18
 Once notice of the land withdrawals was given by publication in the Federal Register, the six-year limitation period of 28 U.S.C. Sec. 2401(a) was triggered, for at that time any interested party acquired a "right to file a civil action in the courts against the United States." Crown Coat Front Co. v. United States, 386 U.S. 503, 511, 87 S.Ct. 1177, 1182, 18 L.Ed.2d 256 (1967) (right of action of which Sec. 2401(a) speaks is the right to file a civil action against the United States). Shiny Rock cannot recommence the statutory period by filing an application in conflict with the withdrawal more than six years after publication in the Federal Register.
 
 B. Appropriateness of Summary Judgment
 
 19
 Shiny Rock's final argument is that the district court improperly made determinations of fact in ruling on the government's summary judgment motion. Specifically, Shiny Rock alleges that the district court determined that the Federal Register's description of the land withdrawn by PLO 3502 was adequate and that Shiny Rock had actual knowledge of the land withdrawal.
 
 
 20
 The district court found that "there is no genuine dispute regarding [the fact that the description of the road was adequate]. Plaintiff had legally sufficient notification of withdrawal from the Federal Register." As an alternative basis for its conclusion that the six-year statute of limitations had expired prior to the commencement of this action in 1984, the district court noted the existence of an exhibit that demonstrated that Shiny Rock had actual knowledge of the land withdrawal in 1973. The district court's finding that Shiny Rock had actual notice in 1973 was not necessary to support its decision that the statute of limitations had run its course. "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986).
 
 
 21
 "[The] standard [for summary judgment] mirrors the standard for a directed verdict under Federal Rule of Civil Procedure 50(a), which is that the trial judge must direct a verdict if, under the governing law, there can be but one reasonable conclusion as to the verdict." Id. at 250, 106 S.Ct. at 2511. The district court correctly determined that publication of the land withdrawals in the Federal Register was sufficient to commence the running of the statute of limitations. Therefore, the only reasonable conclusion that could be reached under these facts was that Shiny Rock's claim was barred by the statute of limitations.
 
 
 22
 AFFIRMED.
 
 
 
 *
 Honorable Dickran Tevrizian, United States District Judge for the Central District of California, sitting by designation