**CEDARS–SINAI MEDICAL CENTER; University of California San Francisco Medical Center; University of California Los Angeles Medical Center; University of California San Diego Medical Center; Adventist Health System/Sunbelt, Inc., dba Florida Hospital Medical Center; Allegheny General Hospital; Galen of Arizona, Inc., dba Healthwest Regional Medical Center; Holy Cross Hospital; John Hopkins Hospital; Loma Linda University Medical Center Hospital; Medlantic Healthcare Group,. Inc., a not-for-profit corporation dba Washington Hospital Center; Miami Beach Healthcare Group, Ltd., dba Miami Heart Institute; Montefiore Medical Center; Mount Sinai Hospital; Society of the New York Hospital; Northwestern Memorial Hospital; Presbyterian University Hospital; St. Francis Hospital; Saint Joseph's Hospital of Atlanta, Inc.; St. Luke's Medical Center;· St. Thomas Hospital; Sinai Samaritan Medical Center; West Florida Regional Medical Center, Inc., dba West Florida Regional Center; University of Maryland Medical System Corporation; Yale–New Haven Hospital, Inc.; Regents of the University of California, a constitutional corporation under Article 9, Section 9 of the California Constitution, by and on behalf of the University of California San Francisco Medical Center, the University of California Los Angeles Medical Center, the University of California San Diego Medical Center, Plaintiffs–Appellees,**

**and**

**Scripps Health Systems, dba Scripps Memorial Hospital–La Jolla, dba Green Hospital of Scripps Clinic; Qui Tam Relator, Intervenors,**

**v.**

**Donna E. SHALALA, Secretary of the United States Department of Health and Human Services, Defendant–Appellant.**

No. 96–55892.

United States Court of Appeals, Ninth Circuit.

Argued Telephonically and Submitted Dec. 3, 1998.

Decided May 18, 1999.

Christine N. Kohl, United States Department of Justice, Washington, D.C., for the defendant-appellant.

Donald R. Warren, Monaghan & Warren, San Diego, California, for the intervenor-appellant.

Carol M. McCarthy and Leonard C. Homer, Ober, Kaler, Grimes & Shriver, Baltimore, Maryland, for the plaintiffs-appellees.

Before: BROWNING, SCHROEDER, Circuit Judges, and RESTANI, U.S. Court of International Trade Judge.*

* The Honorable Jane A. Restani, Judge, United States Court of International Trade, sitting by designation.

SCHROEDER, Circuit Judge:

Underlying this appeal is a challenge by Cedars–Sinai Medical Center and twenty-four other hospitals to a policy announced by the Department of Health and Human Services ("HHS") in an amendment to its Medicare Manual. The new policy removed Medicare coverage of investigational medical devices and procedures that had not been approved for marketing by the Food and Drug Administration. The Hospitals claim the policy, now superceded by regulation, was not originally issued in accordance with the Administrative Procedure Act ("APA"), 5 U.S.C. §§ 551 et seq. Because the policy was promulgated in 1986 and this case was not filed until 1995, the issue before us is whether it is barred by the six-year statute of limitations for suits against the United States. See 28 U.S.C. § 2401(a).

We have seen this case before. The government originally appealed from the district court's decision on the merits that the policy was not validly promulgated. We remanded for the district court to consider whether the government had waived the statute of limitations defense, and if not, to consider in the first instance whether the statute was violated. See Cedars–Sinai Med. Ctr. v. Shalala, 125 F.3d 765 (9th Cir.1997) ("Cedars–Sinai I").

On remand the district court held that the defense was not waived because although the government raised it in the reply brief to its motion to dismiss, the Hospitals had an opportunity to respond. The court then held that the Hospitals' claim is time-barred. This time the Hospitals appeal, and we affirm.

In this appeal, the Hospitals first contend that the government waived the statute of limitations defense by not raising it in a responsive pleading pursuant to Fed. R. Civ. Pro. 8(c). Yet, affirmative defenses like the statute of limitations may

also be raised in motions to dismiss filed before the first responsive pleading. *See e.g. Bacon v. City of Los Angeles*, 843 F.2d 372 (9th Cir.1988); Wright & Miller, *Civil Practice and Procedure*, § 1357 n.58. The issue then becomes whether the government waived its defense by waiting to bring it up until its reply to the opposition to its motion to dismiss. The Hospitals were able to file a sur-reply in response to the government's position. Although the Hospitals contend that the opportunity was deficient because their response had to be rushed and short, the district court's conclusion that they had adequate opportunity to respond and were not prejudiced by the government's conduct is not clearly erroneous.[1]

■ The Hospitals' principal contention on appeal is that their claim complied with the six-year statute of limitations in 28 U.S.C. § 2401(a) for judicial review of agency regulations under the APA. Under well-settled circuit authority, a cause of action challenging procedural errors in the promulgation of regulations accrues on the issuance of the rule. *See Wind River Mining Corp. v. United States*, 946 F.2d 710, 713 (9th Cir.1991); *Shiny Rock Mining Corp. v. United States*, 906 F.2d 1362, 1364–66 (9th Cir.1990); *Sierra Club v. Penfold*, 857 F.2d 1307, 1315 (9th Cir. 1988). In *Shiny Rock*, for example, we held that a challenge to mining regulations accrued when the regulations were promulgated and not when the plaintiffs' mining application was denied many years later.

Even though their claim, like the claim in *Shiny Rock*, is that the agency followed the wrong procedures in announcing the new rule, the Hospitals contend that their cause of action did not accrue until 1994, when HHS began denying their claims for payment for the use of the investigatory devices or procedures. Were the Hospitals maintaining a cause of action under the Medicare Act for specific claims allegedly wrongfully denied by the government, they could legitimately contend that they were not injured until the particular denial had occurred. *See* 42 U.S.C. § 405(g) (requiring plaintiffs to wait until their applications are denied before suing to recover benefits). Here, however, it is clear that the cause of action arises under the Administrative Procedure Act to challenge the manner in which the policy was announced. As such, the cause accrued at the time of that announcement. As we explained in *Shiny Rock*, such a rule is necessary so that regulations are not indefinitely subject to challenge in court. Accepting the Hospitals' argument and allowing suit whenever a regulation was administered by a federal agency "would virtually nullify the statute of limitations for challenges to agency orders." *Shiny Rock*, 906 F.2d at 1362.

■ The Hospitals also attempt to distinguish *Shiny Rock* and related cases, all of which arose in the mining context, on the ground that the plaintiff miners in those cases had more reason to know about the announcement of new mining regulations than the Hospitals had to know of the amendment to the Medicare Manual at issue here. This distinction is unpersuasive. If anything, the promulgation of the policy in the Medicare manual, specifically targeted to hospitals and other providers of medical services, made it more likely that the policy would come to the attention of those who would ultimately be affected by it. Indeed, as the district court noted, there is evidence in this record that the Hospitals had actual knowl-

---

1. In *Cedars–Sinai I* we held that the statute of limitations defense is not jurisdictional and can be waived, relying upon *Irwin v. Department of Veterans Affairs*, 498 U.S. 89, 111 S.Ct. 453, 112 L.Ed.2d 435 (1990), and circuit precedent interpreting *Irwin*. The government now asks us to rely upon language in *UOP v. United States*, 99 F.3d 344 (9th Cir.

1996) suggesting that the statute may not be waived. *See id.* at 347. In *UOP* we relied on decisions of this court that predated *Irwin. See id.* Because the language in *UOP* was not necessary to the decision in the case and was not supported by still viable circuit law, there is no reason for us to reconsider our holding in *Cedars–Sinai I* in light of *UOP*.

edge of the new policy. The Hospitals' contention that a notice in the manual was insufficient is not tenable.

 The Hospitals next maintain that the new policy was so ambiguous that they could not have known what it meant until it was actually applied adversely to them. Under the prior policy, investigational devices could receive an exemption from the pre-market approval requirement and be covered on a case-by-case basis. The manual announced a "new policy" that devices "not approved for marketing by the FDA are considered investigational" and were not covered by Medicare. The Hospitals maintain that this language could not have meant, as the government contends, that Medicare would in the future cover only devices that had received pre-market approval and would not cover devices granted an investigational device exemption. We have struggled unsuccessfully to comprehend how the Hospitals could have read the provision to mean anything else. We understand that the new phraseology could have been more consistent with the text of the surrounding regulations. The new policy could have used the term "devices with an investigational exemption" rather than "investigational devices," and the phrase "pre-market approval" rather than "market approval." But such minor deviations do not suggest a materially different meaning. Had the policy been intended to be a restatement of existing policy, as the Hospitals suggest, then the manual would not have labeled the new provision as a "new policy."

 Finally, the Hospitals contend that equitable tolling or equitable estoppel principles should permit the action to go forward despite the lapse of time before it was instituted. For the principle of equitable tolling to apply, the plaintiff must be able to point to some reason for its failure to file a timely claim. Equitable tolling "focuses primarily on the plaintiff's excusable ignorance" and "is not available to avoid the consequences of one's own negligence." *Lehman v. United States,* 154 F.3d 1010, 1016 (9th Cir.1998), *cert. denied,* ―― U.S. ――, 119 S.Ct. 1336, 143 L.Ed.2d 500 (1999). Even assuming the Hospitals did not understand what the change of policy was that was being announced, it is hard to understand why they did not ask the government for clarification. There is no basis for tolling the statute of limitations.

 The basis for any claim of equitable estoppel against the government is even more rickety. In order for equitable estoppel to apply against the government, the government must have engaged in "affirmative misconduct going beyond mere negligence" and caused "a serious injustice." *Watkins v. United States Army,* 875 F.2d 699, 707 (9th Cir.1989). As the district court found, there is no indication that the government delayed enforcement of this policy for any improper purpose or that the government otherwise engaged in affirmative misconduct. Estoppel is not warranted.

The judgment of the district court is AFFIRMED.