**Robert W. HALL, Petitioner,**

v.

**UNITED STATES ENVIRONMENTAL PROTECTION AGENCY,
Respondent.**

Nos. 00–70257, 00–71676.

EPA No. 65–FR–71314–14.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted March 12, 2002.

Decided March 28, 2002.

---

Before GOODWIN, REINHARDT, and FERNANDEZ, Circuit Judges.

## MEMORANDUM*

Robert Hall petitions for review of two decisions of the Environmental Protection Agency under the Clean Air Act, 42 U.S.C. §§ 7401–7671q. We deny the petitions.

(1) Hall first claims that the EPA erred when it refused to object to the issuance of an operating permit to Pacific Coast Building Products, Inc. (PABCO) by the Clark County Health District (CCHD). We disagree.

■ Hall asserts that the permit had to be approved according to the existing rules adopted under Part 70,[1] rather than under the proposed new rules under Part 70.[2] So much is true, but the permit based upon the new rules imposed more stringent conditions upon PABCO than the old ones would have; it is apodictic that meeting the former entailed meeting the latter.

■ Hall also argues that to be proper the permit had to impose upon PABCO a requirement of post-construction monitoring, and a requirement of submission of a compliance schedule. That simply is not the law. The former is only required when directed by the CCHD control officer, and there is discretion in that official to demand or not demand monitoring by the permitee in any particular case. *See* State Implementation Plan, Clark County, Nev., § 15.13.12(2), *available at* http://www.epa.gov/region09/air/sips/index.html (Nov. 17, 1981). The latter is required only when the permittee had been in a condition of noncompliance formerly, and there is no evidence that PABCO had been. *See* State Implementation Plan, Clark County, Nevada, § 10.1, *available at* h ttp://epa.gov/region09/air/sips/index.html (July 24, 1979).

■ Next, Hall asserts that in Apex, Nevada, where PABCO is located, a permitee must use the best available control technology (BACT) to ensure that air quality does not deteriorate due to the permitee's operation. The Clean Air Act does so provide. 42 U.S.C. § 7475(a)(4). But Hall overlooks the fact that BACT does not mean the most sophisticated technology that can be found, without regard for other values such as "energy, environmental, and economic impacts." *See* 42 U.S.C. § 7479(3). In other words, BACT is not some ideal, invariable standard of excellence; it is something to be decided by the issuing authority on a case-to-case basis. *See N. Plains Res. Council v. EPA,* 645 F.2d 1349, 1351 (9th Cir.1981). Here, CCHD determined that PABCO's permit

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

**1.** 40 C.F.R. §§ 70.1–70.11.

**2.** The new rules had gone into effect by the day that the permit was issued by CCHD, but the parties agree that the old rules were the proper standard. In any event, the approval of the new rules has been set aside. *See Hall v. EPA,* 273 F.3d 1146, 1160–61 (9th Cir. 2001).

would meet the BACT standard under the circumstances. EPA agreed, and Hall has not produced or pointed to evidence which effectively challenges that. *See Citizens for Clean Air v. EPA,* 959 F.2d 839, 847 (9th Cir.1992). We cannot conclude that the EPA's decision was arbitrary or capricious.

■ Also, Hall now asserts that preconstruction monitoring should have been required. But Hall failed to raise that issue before the CCHD and, therefore, the EPA was not even required to consider his request for an objection on that ground. *See* 42 U.S.C. § 7661d(b)(2); *see also Marbled Murrelet v. Babbitt,* 83 F.3d 1060, 1063 (9th Cir.1996); *Duncanson Harrelson Co. v. Dir., Office of Workers' Comp. Program,* 644 F.2d 827, 832 (9th Cir.1981).

■ Finally, Hall challenges the permit on the general basis that the EPA had improperly extended the Part 70 interim approval, which it had given to Clark County, Nevada,[3] among others, as a result of which CCHD could not issue any permits, much less the PABCO permit. This allonge at the permit misses its mark. In the first place, it amounts to an attack on the EPA's national Part 70 program, and cannot be brought in this court. *See Hall v. Norton,* 266 F.3d 969, 974–75 (9th Cir.2001). In the second place, Hall did not challenge the extensions in a timely manner. *See* 42 U.S.C. § 7607(b)(1); *Haw. Elec. Co. v. EPA,* 723 F.2d 1440, 1447 (9th Cir.1984); *see also Shiny Rock Mining Corp. v. United States,* 906 F.2d 1362, 1364 (9th Cir.1990).

(2) Hall's second claim is that the EPA erred when it decided that the Carbon Monoxide Motor Vehicles Emissions Budget (MVEB) for the Las Vegas, Nevada area was adequate. The fault he finds is

in the EPA's failure to address his comments in an appropriate manner. That attack must fail.

Hall's letter of September 28, 2000, set forth six comments, and the EPA did, indeed, respond to each of those, as it was required to do. *See* 42 U.S.C. § 7607(d)(6)(B). We have examined the responses, and cannot say that they were arbitrary and capricious. *See Ober v. Whitman,* 243 F.3d 1190, 1193 (9th Cir. 2001); *Navistar Int'l Transp. Corp. v. EPA,* 941 F.2d 1339, 1359 (6th Cir.1991).

■ The September 28, 2000, letter also made reference to an earlier document that Hall had sent to Clark County and to the EPA on or about July 21, 2000. The EPA did not specifically respond to the comments in that document. However, Clark County did respond before the comment period for the EPA itself commenced on August 29, 2000. The EPA could hardly have been expected to assume that the July 21, 2000, comments, which had already been sent to Clark County and which were responded to by that entity, had to be addressed all over again when Hall lodged no specific objections to the responses that had already been given to those comments. At any rate, the plan content included the public comments and Clark County's responses thereto, and the plan, including those, was approved by the EPA as part of its adequacy determination. We see no prejudice that did, or could, result because EPA did not address the comments all over again, even if its failure to do so was an error. *See Sagebrush Rebellion, Inc., v. Hodel,* 790 F.2d 760, 764 (9th Cir.1986); *County of Del Norte v. United States,* 732 F.2d 1462, 1466–67 (9th Cir.1984). We cannot say that the EPA's failure to respond sepa-

---

3. *See* 40 C.F.R. 70.4(d)(2), as extended by 61 Fed. Reg. 56368 (Oct. 31, 1996), 62 Fed. Reg. 45732 (Aug. 29, 1997), and 63 Fed. Reg. 40054 (Jul. 27, 1998).

rately was arbitrary and capricious under the present circumstances.

Petitions DENIED.