**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Gregory P. SULLIVAN, aka Greg**
**Sullivan, Defendant–**
**Appellant.**

**No. 02–56297.**

United States Court of Appeals,
Ninth Circuit.

Submitted June 9, 2003.*

Decided June 18, 2003.

Before: RYMER, THOMAS, and SILVERMAN, Circuit Judges.

MEMORANDUM **

Gregory P. Sullivan appeals pro se the district court's summary judgment, and order denying reconsideration in the United States' action seeking to collect Sullivan's guaranteed student loan debt. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review de novo the summary judgment, *U.S. Cellular Inv. Co. v. GTE Mobilnet, Inc.,* 281 F.3d 929, 933 (9th Cir. 2002), and for abuse of discretion the denial of reconsideration, *Kona Enters., Inc. v. Estate of Bishop,* 229 F.3d 877, 883 (9th Cir.2000). We affirm.

■■■■ The district court properly granted summary judgment to the United States. Contrary to Sullivan's contention, there is no statute of limitations preventing the collection of his guaranteed student loan debt. *See United States v. Phillips,* 20 F.3d 1005, 1007 (9th Cir.1994) (per curiam). Equitable estoppel is inapplicable because the United States did not engage in affirmative misconduct. *See Cedar–Sinai Med. Ctr. v. Shalala,* 177 F.3d 1126, 1130 (9th Cir.1999). The equitable doc-

---

\* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2). Accordingly, Sullivan's request for oral argument is denied.

\*\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

trine of laches is also inapplicable because Sullivan has failed to demonstrate prejudice. *See Beaty v. Selinger (In re Beaty),* 306 F.3d 914, 927 (9th Cir.2002).

The district court properly denied Sullivan's motion for reconsideration because none of the applicable grounds for relief exists. *See School Dist. No. 1J, Multnomah County v. ACandS, Inc.,* 5 F.3d 1255, 1263 (9th Cir.1993).

Sullivan's remaining contentions lack merit.

**AFFIRMED.**