
**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ROBERT W. HALL, | No. 08-16696 |
| Plaintiff - Appellant, | D.C. No. 2:08-CV-00237-RLH-RJJ |
| and | |
| NEVADA ENVIRONMENTAL COALITION, INC., | MEMORANDUM [*] |
| Plaintiff, | |
| v. | |
| REGIONAL TRANSPORTATION COMMISSION OF SOUTHERN NEVADA; et al., | |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the District of Nevada
Roger L. Hunt, Chief District Judge, Presiding

Submitted January 13, 2010 [**]
San Francisco, California

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**] The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Before: NOONAN, HAWKINS and M. SMITH, Circuit Judges.

Plaintiff-Appellant Robert W. Hall (Hall) appeals pro se from the district court's order dismissing his claim that Defendants-Appellees failed to comply with the National Environmental Policy Act (NEPA) and Federal Aid Highway Act (FAHWA)[1] in connection with the construction of a Las Vegas area highway. Our review of the district court's determination that Hall's suit is barred by the statute of limitations is de novo. *Sierra Club v. Penfold*, 857 F.2d 1307, 1315 (9th Cir. 1988). As the facts and procedural history are familiar to the parties, we do not recite them here except as necessary to explain our decision.

All of Hall's NEPA and FAHWA claims arise under the Administrative Procedure Act (APA), 5 U.S.C. § 702. The APA has a six-year statute of limitations, *Sierra Club*, 857 F.2d at 1315; *see also Jersey Heights Neighborhood Ass'n v. Glendening*, 174 F.3d 180, 186 (4th Cir. 1999), which begins to accrue at the time of a final federal agency action, *see* 5 U.S.C. § 704. At the latest, all of Hall's claims accrued on September 3, 1997, the date the Federal Highway Administration published notice in the Federal Register that federal environmental process related to the highway had been terminated because the highway

---

[1] Hall also contends he raised a 42 U.S.C. § 1983 claim, but no such claim was ever pleaded.

construction project involved no "major federal action" requiring NEPA compliance. *See Shiny Rock Mining Corp. v. United States*, 906 F.2d 1362, 1364 (9th Cir. 1990). Further, none of Hall's allegations suggest that any new "major federal actions" related to the highway project occurred subsequent to the September 3, 1997 notice. Because Hall waited to file suit until February 2008, he was over four years too late.

All of Hall's arguments concerning why the statute of limitations should not apply lack merit.

First, Hall's argument that he was entitled to actual notice is unfounded. Constructive notice provided in the Federal Register is sufficient to trigger the statute of limitations, *Friends of Sierra R.R., Inc. v. Interstate Commerce Comm'n*, 881 F.2d 663, 667-68 (9th Cir. 1989), unless the case is among those unique situations in which the agency is legally obligated to provide actual notice, *Camp v. Bureau of Land Mgmt.*, 183 F.3d 1141, 1145 (9th Cir. 1999). Hall may have requested to be apprised of all decisions related to the highway project, but his own requests are insufficient to give rise to a *legal duty* to give him actual notice.

Second, Hall's argument that Clark County was required to comply with NEPA even after termination of federal involvement runs contrary to law. *See Rattlesnake Coalition v. EPA*, 509 F.3d 1095, 1101 (9th Cir. 2007).

3

Third, Hall's argument that there is a "continuing violation" fails because the "continuing violations" doctrine "is not applicable in the context of an APA claim for judicial review." *Gros Ventre Tribe v. United States*, 344 F. Supp. 2d 1221, 1229 n.3 (D. Mont. 2004), *aff'd at* 469 F.3d 801 (9th Cir. 2006); *see also Preminger v. Sec'y of Veterans Affairs*, 517 F.3d 1299, 1307 (Fed. Cir. 2008).

Fourth, Hall's arguments that the statute should be tolled because of Defendants' alleged misconduct, even if accepted, would not save Hall's claims from the time bar. Hall admits that he wrote to Defendants about the same concerns raised in his complaint in April 1997. Whatever tolling may have been justified, the tolling period would have lifted at the point he had actual notice of the facts giving rise to his claims. *Cf. Cedars-Sinai Med. Ctr. v. Shalala*, 177 F.3d 1126, 1130 (9th Cir. 1999); *Suckow Borax Mines Consol. Inc. v. Borax Consol., Ltd.*, 185 F.2d 196 (9th Cir. 1950). Thus, the six-year statute would have still run no later than 2003.

Finally, Hall's allegations fail to identify any *new* "major federal actions" that could have triggered NEPA compliance in the six-year period prior to his filing of the complaint. Speculations about future federal funding, especially where any federal funding would ultimately be only a small portion of the overall

project cost, are insufficient to trigger NEPA compliance requirements.

*Rattlesnake*, 509 F.3d at 1101.

AFFIRMED.