**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

APR 24 2017

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

MISHEWAL WAPPO TRIBE OF
ALEXANDER VALLEY,

Plaintiff-Appellant,

v.

RYAN ZINKE; MICHAEL BLACK,

Defendants-Appellees.

No.    15-15993

D.C. No. 5:09-cv-02502-EJD

MEMORANDUM[*]

Appeal from the United States District Court
for the Northern District of California
Edward J. Davila, District Judge, Presiding

Argued and Submitted March 13, 2017
San Francisco, California

Before:  WARDLAW and GOULD, Circuit Judges, and HUFF,[**] District Judge.

The Mishewal Wappo Tribe of Alexander Valley (the Tribe) sued the

Secretary and Assistant Secretary of the Department of Interior (the Federal

Defendants), asserting claims for breach of fiduciary duty and violations under the

---

[*]       This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]      The Honorable Marilyn L. Huff, United States District Judge for the Southern District of California, sitting by designation.

Administrative Procedure Act. The district court granted the Federal Defendants' motion for summary judgment, holding that (1) all of the Tribe's claims depended on the allegation that the Secretary of the Interior improperly terminated the Alexander Valley Rancheria in violation of the California Rancheria Act (CRA), (2) the claim of improper termination accrued no later than 1961, (3) the six-year statute of limitations found at 28 U.S.C. § 2401(a) barred that claim (and consequently all of the Tribe's claims), and (4) the Tribe did not provide evidence to establish the statute of limitations should be equitably tolled. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

(1) The district court correctly concluded that all of the Tribe's claims relied upon a central allegation that the Federal Defendants unlawfully terminated the Alexander Valley Rancheria. We decline to address the Tribe's new argument that termination of the Rancheria did not terminate its status as a federally recognized tribe because the Tribe did not raise this argument before the district court. *See Robinson v. Jewell*, 790 F.3d 910, 915 (9th Cir. 2015).

(2) The Tribe argues that the United States owes a continuing fiduciary duty to the Tribe, and that the existence of this duty precludes the running of the statute of limitations. We do not decide whether the Federal Defendants owe a fiduciary duty to the Tribe. If there is such a duty in this case, the existence of such a duty

does not at all prevent the statute of limitations from running under the circumstances presented here.

The general rule, to which we adhere, is that: "Indian Tribes are not exempt from statutes of limitations governing actions against the United States." *Sisseton-Wahpeton Sioux Tribe, of Lake Traverse Indian Reservation, N.D. & S.D. v. United States*, 895 F.2d 588, 592 (9th Cir. 1990). The statute of limitations begins to run in a breach of trust claim "when the trustee repudiates the trust and the beneficiary has knowledge of the repudiation." Cohen's Handbook of Federal Indian Law § 5.06[5], at 444 (2012 ed.). A trustee may expressly or impliedly repudiate the trust "by taking action inconsistent with duties imposed by the trust." *Id.* The statute of limitations begins to run when the beneficiary has either actual or constructive notice of the repudiation, whether or not the fiduciary's repudiation results in the lawful termination of its trust relationship. *See id.* at 445 & n.51 (citing *Hopland Band of Pomo Indians v. United States*, 855 F.2d 1573, 1575–77 (Fed. Cir. 1988) (holding claims against the United States for the termination of the Hopland Rancheria were barred by the statute of limitations, even though it was later determined that the termination violated the CRA and the United States recognized a trust relationship with the Hopland Band).

3

It is undisputed that the Federal Defendants published notice of the termination of the Rancheria in the Federal Register in 1961, along with a list of those who would receive land. *See* 26 Fed. Reg. 6875 (Aug. 1, 1961). This publication was "legally sufficient notice . . . [,] regardless of actual knowledge or hardship resulting from ignorance," to put the Tribe on notice of the Federal Defendants' alleged breach of their fiduciary duty and to trigger the statute of limitations. *Shiny Rock Mining Corp. v. United States*, 906 F.2d 1362, 1364 (9th Cir. 1990) (quoting *Friends of Sierra R.R., Inc. v. I.C.C.*, 881 F.2d 663, 667–68 (9th Cir. 1989)). Absent tolling, the statute of limitations expired in 1967, decades before the Tribe filed the instant suit. *See* 28 U.S.C. § 2401(a).

We decline to address the Tribe's argument, raised for the first time on appeal, that the statute of limitations was never triggered because the Federal Defendants have not repudiated their fiduciary duty in any way. *See Robinson*, 790 F.3d at 915.

(3) The Tribe did not diligently pursue its rights or show that extraordinary circumstances prevented it from doing so. Equitable tolling is therefore not appropriate. *See Kwai Fun Wong v. Beebe*, 732 F.3d 1030, 1052 (9th Cir. 2013) (the party seeking equitable tolling must establish: "(1) that [it] has been pursuing [its] rights diligently, and (2) that some extraordinary circumstances stood in [its]

way." (internal quotation marks omitted)), *aff'd*, *United States v. Kwai Fun Wong*, 135 S. Ct. 1625 (2015).

The Tribe argues that the Federal Defendants induced it to not file an action or proceed through the administrative recognition process by representing in various ways that the Federal Defendants would restore the Tribe's status as a federally recognized Tribe. The earliest piece of evidence the Tribe cites to support this claim is a 1987 letter from the Area Director of the Sacramento Area Office of the Bureau of Indian Affairs recommending that the BIA adopt a policy to extend federal recognition to various rancherias, including "Alexander Valley." Even assuming this letter induced the Tribe to refrain from pursuing other avenues of recognition or litigation to rectify the purportedly unlawful termination of the Rancheria, it was issued about 26 years after the Rancheria was terminated. *See* 26 Fed. Reg. 6875 (Aug. 1, 1961). The 1987 letter could not warrant tolling of the statute of limitations for the 20 years beforehand. The Tribe did not meet its burden to support equitable tolling.

**AFFIRMED.**