NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

MAY 29 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| HEIDI HOWE,<br><br>               Plaintiff-Appellant,<br><br>  v.<br><br>WASHOE COUNTY SHERIFF'S OFFICE;<br>CHUCK ALLEN,<br><br>             Defendants-Appellees. | No.   19-15968<br><br>D.C. No.<br>3:18-cv-00471-HDM-WGC<br><br>MEMORANDUM* |

Appeal from the United States District Court
for the District of Nevada
Howard D. McKibben, District Judge, Presiding

Submitted April 17, 2020**
San Francisco, California

Before:  HAWKINS and PAEZ, Circuit Judges, and RESTANI,*** Judge.

Heidi Howe ("Howe") appeals the district court's dismissal of her

retaliation, hostile work environment, and gender discrimination claims under Title

---

\*       This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

\*\*\*     The Honorable Jane A. Restani, Judge for the United States Court of International Trade, sitting by designation.

VII, 42 U.S.C. § 2000, et seq. We vacate the court's dismissal and remand.

## I.

The district court erred in its analysis of the timeliness of Howe's claims. In states that have their own Fair Employment Practice Agencies and workshare agreements with the Equal Opportunity Employment Commission ("EEOC"), a claim filed with the state agency *or* with the EEOC within 300 days can still be considered timely filed with the other. *See Mohasco Corp. v. Silver*, 447 U.S. 807, 814–17 (1980). Nevada is one such state. Howe filed an intake questionnaire and cover letter with the EEOC on February 3, 2017. She alleged that the final unlawful act relevant to her claims was the Washoe County Sheriff's Office ("the County") decision not to promote her on April 14, 2016—295 days before she completed the EEOC questionnaire. Her claim thus falls within Title VII's 300-day deadline. Howe did not, as the district court stated, need to first file her charge with the Nevada Equal Rights Commission ("NERC") or file within 180 days to receive Title VII's more generous 300-day deadline; the "extension period is triggered regardless of whether the complaint was first received by the EEOC or the state." *Bouman v. Block*, 940 F.2d 1211, 1220 (9th Cir. 1991); *see also Wiltshire v. Std. Oil Co. of Cal.*, 652 F.2d 837, 839 (9th Cir. 1981).

But whether Howe's claims were timely also depends on whether Nevada's workshare agreement waives Title VII's 60-day deferral period. Title VII provides

2

that "no charge may be filed with the EEOC until 60 days have elapsed from initial filing of the charge with an authorized state or local agency, unless that agency's proceedings 'have been earlier terminated.'" *E.E.O.C. v. Commercial Office Prods. Co.,* 486 U.S. 107, 111 (1988) (quoting 42 U.S.C. § 2000e-5(c)). In a state that maintains the 60-day window, a complainant must file the charge with the state agency (or have the EEOC refer the charge to the agency) within 240 days of the alleged discriminatory event, so that it can be referred to the EEOC within 300 days. *Id.* at 111–12.

Some state workshare agreements contain waivers of these 60-day periods, which allow the EEOC to process charges it receives first or designate the EEOC as the primary adjudicator of certain categories of charges. *Id.* at 112. These waivers properly constitute a "termination" of the state proceedings, "so as to permit the EEOC to deem a charge filed and to begin to process it immediately." *Id; see also id.* at 125 (holding that a plaintiff who filed a charge with the EEOC 290 days after the alleged unlawful discharge in a state that waived the 60-day deferral period had timely filed under Title VII); *Laquaglia v. Rio Hotel & Casino, Inc.,* 186 F.3d 1172, 1174–75 (9th Cir. 1999); *Green v. Los Angeles Cty. Superintendent of Sch.,* 883 F.2d 1472, 1477–80 (9th Cir. 1989).

If NERC waives its 60-day deferral period, Howe's charge was timely. We therefore vacate the district court's judgment and remand for consideration of Nevada's workshare agreement.

**II.**

Although Howe failed to argue the NERC workshare agreement or submit a copy of the agreement to the district court, her failure to do so does not waive her arguments on appeal. We generally do not consider an issue raised for the first time on appeal, except where (1) "review is necessary to prevent a miscarriage of justice or to preserve the integrity of the judicial process"; (2) "a new issue arises while [an] appeal is pending because of a change in law"; or (3) the issue presented is purely one of law and does not depend on the factual record developed in the district court or the relevant record has been developed. *Bolker v. C.I.R.*, 760 F.2d 1039, 1042 (9th Cir. 1985) (internal quotation marks omitted).

Howe meets exceptions one and three. It was not Howe's initial burden to prove the timeliness of her claim: "The Title VII statute of limitations is not a jurisdictional requirement; it may be waived." *Sloan v. West*, 140 F.3d 1255, 1262 (9th Cir. 1998). In holding that Howe's claims were time-barred, the district court appears to have relied upon the County's argument in its reply to Howe's opposition to the motion to dismiss. To preclude Howe's workshare agreement under these circumstances would be a miscarriage of justice. *See Cedars-Sinai*

*Med. Ctr. v. Shalala*, 177 F.3d 1126, 1128–29 (9th Cir. 1999). In addition, as explained above, the court's statement that Howe must initially file with a state agency to benefit from Title VII's 300-day deadline is a misstatement of law, one that requires no further factual development to resolve.

**VACATED** and **REMANDED.**